By the Court :
We conceive that the argument for the defendants proceeds upon a totally mistaken view of the case. It assumes that the commissioner of insolvents stands, in relation to the parties interested, and their claims, in the same condition as an executor or> administrator. That, in relation to the effects of the insolvent, he may sue or be sued in the same manner as the personal representative ot a deceased party. If this assumption was correct, the argument founded upon it would be conclusive. ' But we do not consider it as sustainable upon the statute.
Section 2 of the law defines the powers of the commissioner. He is to take charge of all property, including the credits of the. insolvent. He is empowered to sell and dispose of them, and dis. tribute the proceeds. He is also empowered “ to determine and *478 adjust all controversies that may arise in the settlement of such estate, by compromise or arbitration; and may prosecute and defend any suit ” he may deem necessary. Suits pending at the time of assignment shall not abate. “Any new suit which may be commenced shall be brought in the name of said commissioner, or in the name of the insolvent, as the case may require.”
We do not understand this section of the law as subjecting the • commissioner to any action, in behalf of a creditor, upon account -of the transactions of the insolvent, previous to the assignment. • Suits pending when the assignment is made are to proceed as if no assignment had been made. New suits are to be brought in the name of the commissioner, or in the name of the insolvent, as the -case may require. This provision does not, in our opinion, refer to suits against the insolvent, or against his estate. It relates solely to cases where th e insolvent, or the commissioner, in his right, brings a suit. If a chose in action,, not assignable by the statute upon that subject, be delivered to the commissioner ; or if a claim to property, for which trespass or trover only would lie, be .delivered to him, and an action became necessary for the recovery, then suit must be brought in the name of the insolvent. *But if notes or bills of exchange be delivered and assigned, then a suit in the name of the commissioner would be the proper one. Or if & cause of an action accrue under the proceedings of the commissioner himself, then suit could only be brought in his name.
With respect to claims against the insolvent, existing at the time of assignment, the law does not contemplate the commencement of a new suit to adjust them. Section 5, amongst other things, provides for this case. The last proviso of the section is in these words : “Any dispute or contest arising between said commissioner .and any creditor of said insolvent, relative to the settlement of said creditor’s claim, may be appealed to the next court of common pleas, by said creditor, on his giving a written notice to said commissioner to that effect; which notice shall state the particular cause of exception or complaint; and said court shall settle, and determine, and adjust the same in a summary way, without pleadings.”
If any difficulty arise between the commissioner and a creditor, as to the justice or the amount of a claim against the insolvent, it is to be settled as here pointed out, and not by a -suit against either the insolvent or the commissioner. The proposition, there *479 fore, that no creditor can entitle himself to an action against the securities of the commissioner, until the debt against the insolvent is established, by a judgment, seems to us wholly inadmissible.
Section 5 of the law directs the commissioner to sell the insolvent’s effects upon credit, and to take notes, with security, giving a limited credit. It then provides that, immediately after the sale} he shall call together the creditors, and settle and adjust their claims. It also provides, that, at the end of each succeeding six months, he shall continue to make distribution in money or property, as it may come into his hands. Until a meeting of the creditors was called for settling and adjusting their accounts, it could not be known that any dispute or contest would arise between a creditor and a commissioner. The failure to call this meeting was a palpable breach of the bond; for upon such call depended the periods of future accountability. The defendant’s argument not only requires a suit to be brought, which the law does not contemplate, but its unavoidable consequence is, to ^suspend the liability of the parties in the bond, until such suit should be deteimined. An absurdity which nothing but the clearest statutory-provision could induce the court to recognize.
The demurrer is overruled, and the cause remanded for further proceedings.